## Tierney Estate

*Dallett Hemphill* and *Ralph S. Snyder*, for Commonwealth.

*Robert S. Gawthrop, Jr., Edmund B. Spaeth, Jr.,* and *William M. Marutani*, for respondent.

*Frank M. Perna,* for administrator c. t. a.

MACELREE, P. J., April 25, 1960.—Alice M. Tierney, spinster, a resident of Chester County, died June 24, 1958.

On July 21, 1958, the Register of Wills of Chester County admitted to probate as the last will and testament of Alice M. Tierney a paper writing as follows:

"I leave to my cousin Florrie Sandman 100 *oo*

"My cousin Grace Ward 100 *oo*

"The balance to my friend Montague Lycett

"Witness            (signed) Alice M. Tierney

"Feb. 4—1958"

On July 16, 1959, the Secretary of Revenue of the Commonwealth of Pennsylvania appealed the decree of said register of wills . . .

Thereafter, on February 10, 1960, and on February 26, 1960, after a citation to show cause, further testimony was taken concerning the issue of pedigree raised by respondents in connection with the status of the Commonwealth of Pennsylvania as a party in interest entitled to appeal.

There remain for consideration by this court at this time two questions.

1. Under the pleadings and proofs, has the Commonwealth established its status as a "party in inter-

est" in the estate of decedent, as that term is used in (a) the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.101 et seq., and (b) the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.101 et seq.

2. If the answer to the first question is in the affirmative, should this court award an appropriate issue devisavit vel non to determine whether the questioned instrument was procured by undue influence, duress and constraint practiced upon decedent by Montague Lycett?

These questions will be disposed of in the order in which they have been stated.

1. Has the Commonwealth established its status as a "party in interest?"

This question arises by reason of the pleadings.

Paragraph 2 of the petition for citation sur appeal avers: "That the Commonwealth of Pennsylvania is a party in interest in the estate of the said decedent entitled to the entire estate as statutory heir under Section 3 (6) of the Intestate Act of 1947."

The answer of Montague Lycett, residuary legatee, sets forth in paragraph 2, the following:

Denied. After reasonable investigation respondent is without knowledge or information sufficient to form a belief as to the truth or falsity of the averment that the Commonwealth of Pennsylvania is a party in interest as statutory heir under section 3 (6) of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.3, and proof thereof is demanded. By way of further answer it is averred that the Intestate Act of 1947 has no application because decedent left a will dated February 4, 1958, disposing of her estate to certain persons named therein.

This question as presented at oral argument was argued from several positions on behalf of the Com-

monwealth, the first position being the alleged inherent right of the Commonwealth as a sovereign.

In considering that position, does the Commonwealth of Pennsylvania as a sovereign have such an inherent, though contingent, interest in the estate of a decedent as not to require positive proof of the so styled "intestate descent" from such decedent, under the language of the Intestate Act other than that decedent died without known issue or relatives in order to be entitled to appeal from a decree of probate?

If the Commonwealth has no such inherent interest, what then is the quantum of proof required of the Commonwealth to support its position as a party in interest?

In the present appeal the Commonwealth has in fact pleaded its status as being the "statutory heir under section 3(6) of the Intestate Act of 1947" and as such "a party in interest in the estate of the said decedent entitled to the entire estate" in the event of a decreed intestacy.

This court has endeavored to review the reported cases since the enactment of the Intestate Act of 1947.

The burden upon the Commonwealth under such circumstances is exhaustively discussed by Judge Klein in Rhodes Estate, 71 D. & C. 338.

Judge Klein holds that: "In Pennsylvania the burden is always upon those who claim kinship to a decedent, who apparently dies without issue or relatives, to prove their claim by a fair preponderance of trustworthy and satisfying evidence."

He (Judge Klein), however, quoted from Link's Estate (No. 1), 319 Pa. 513, 516 (1935), in which the late Justice Kephart after posing the question, ". . . who takes the property of a decedent who dies without issue or known relatives?", speaking for a majority of the Supreme Court, said: "It is only by the grace of the Commonwealth that heirs or legatees are per-

mitted to receive any benefit from a decedent's toil and energy. But it reserves to itself the right, as it always has, to take the property of a decedent when under its laws there is no one in a position to inherit. The property of an intestate decedent who dies without known heirs is not mere flotsam or jetsam to be taken by anyone claiming it. In such circumstances, the Commonwealth stands in relation to the property of the decedent as one asserting a *substantial right thereto*. The Commonwealth's claim is not based on charity, gratuity, or unearned benefit; it was by its protection that it was possible for the decedent to acquire such accumulation of property as he possessed." (Italics supplied.)

Then Judge Klein in discussing the quantum of proof necessary suggests: ". . . the quantum of proof necessary to establish the failure of next of kin is generally a matter for the sound discretion of the trial judge and may vary with the circumstances of each case."

He further points out in the Rhodes case, that were the Commonwealth to receive the award as an heir under section 3 (6) as aforesaid, it would appear that the rights of the next of kin who might be entitled to the estate but who had no notice of the proceeding would be forfeited unless they make legal claim for their shares within seven years of the death of decedent.

He also points out that if the fund was received by the Commonwealth without escheat, decedent's next of kin could make claim at any time without limitation and upon satisfactory proof of relationship receive the fund from the State with interest at two percent under section 504 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §504.

Judge Klein then concludes by awarding the estate to the Commonwealth without escheat under the pro-

visions of section 1314 of The Fiscal Code of 1929 despite the Commonwealth's claim having been otherwise asserted.

In Crawford's Estate, 12 D. & C. 2d 709, likewise disposed of by Judge Klein in 1958 in a so-called "Audit Memorandum", the Commonwealth is criticized for having claimed the balance of principal and income under section 3(6) of the Intestate Act of April 24, 1947, P. L. 80, in the following language, page 172:

"In the opinion of the auditing judge, however, the Commonwealth should have claimed this fund, without escheat, under section 1314 of The Fiscal Code of 1929, not as an heir under section 3(6) of the Intestate Act."

He, Judge Klein, pointed out further that: "The Commonwealth should claim as an heir under the Intestate Act only in cases in which a family tree has been established and it is clear that there are *no* surviving relatives of the decedent, or that *all are more remote than first cousins.*" (Italics supplied.)

Judge Klein further suggests in the so-called "Audit Memorandum" that he apprehends the state of the law in these matters, the Commonwealth's claim as a so-called "heir" under section 3(6) of the Intestate Act should only be asserted in cases where positive or reasonably conclusive evidence establishes the failure of heirs.

That where there is simply a lack of evidence the Commonwealth should merely claim the fund for payment into the State Treasury without escheat, leaving the door open for possible discovery of future qualified heirs.

He concludes his memorandum by suggesting that in a case such as Crawford's Estate, in fairness to possible next of kin, the award should be to the Commonwealth as a stakeholder so that if next of kin appear

in the future they may receive the fund which is rightfully theirs.

He further suggests that the Commonwealth of Pennsylvania as a sovereign State is presumed to be interested in protecting the relatives of its citizens and states: "The purpose of the escheat laws is certainly not to raise revenue for the Commonwealth by depriving a decedent's heirs of their lawful inheritance."

He points out: "The representative of the Commonwealth should make every reasonable effort to see that the next of kin are located and receive the funds to which they are entitled."

In concluding his "Audit Memorandum" he decreed that for the reasons he cited the audit is continued generally.

Is there a proper distinction between the burden of proof imposed upon one claiming kinship by blood requiring positive proof and the Commonwealth claiming either as statutory heir or without escheat?

In Moll Estate, 11 D. & C. 2d 376, in another so-called "Audit Memorandum", Judge Klein is again critical of the position of the Commonwealth in having claimed the principal income to be paid into the State Treasury with escheat under the provisions of the Intestate Act of 1947.

He suggests that such a claim is not in accord with the past practice of the State's representatives.

He further states that heretofore the Commonwealth had maintained that distribution to it under section 3(6) of the Intestate Act of April 24, 1947, is not by way of escheat but as an heir of decedent.

He then points out the various methods by which the Commonwealth may claim the estates of persons who die without leaving an eligible next of kin as having been set forth clearly in the adjudications in Rhodes and Hannebauer Estates, 71 D. & C. 330.

He concludes this "Audit Memorandum" with the suggestion: "There is a serious question whether the Commonwealth can take both as an heir under the Intestate Act and 'with escheat.' "

Thus despite the fact that in Rhodes Estate he had awarded the fund under a different statute than the one claimed by the Commonwealth, he concludes his memoranda in Moll Estate with the statement: "It will have to elect in which manner it chooses to claim the fund," and he thereupon continued the case generally and without finality.

This court is unable to conclude from the respective "Audit Memoranda" just what the Orphans' Court of Philadelphia County feels is the position of the Commonwealth under the existing statutes.

This court has serious doubts as to whether the burden imposed upon the Commonwealth on ultimate distribution as stated in the opinion and memoranda of Judge Klein is applicable to the situation here.

Unlike the question before the Orphans' Court of Philadelphia County in Rhodes Estate, the court here is not presently asked to make an award to the prejudice of heirs not now apparent, but merely to determine whether the Commonwealth has pleaded and proved itself a party in interest, even though contingent, who is aggrieved by a decree of the register of wills.

The question before this court more nearly resembles that disposed of by the late Judge Heller in Smith's Estate, 23 D. & C. 519, 520.

In that case an appeal was taken by Harry H. Smith, a duly appointed escheator by and for the Commonwealth of Pennsylvania.

At his instance a citation was issued to show cause why the alleged will should not be declared a forgery.

An issue was framed directed to the court of common pleas to determine: (a) Whether or not the said

writing and signature thereto was a forgery; and (b) whether or not the said writing was the last will and testament of Kate Smith, deceased.

The court of common pleas found against the will and so certified to the orphans' court.

The matter then came before the Orphans' Court of Luzerne County on a petition to quash and strike from the record all proceedings incident to the appeal.

Judge Heller held: "The motion to quash raises the question that the escheator was not an heir, had no interest whatever in the estate, and had no right of appeal, and the court therefore was without jurisdiction."

He further held: "The question raised answers itself. The escheator has a pecuniary interest, to wit, in his compensation as escheator. More important is the fact that the escheator is the representative of the Commonwealth, and the Commonwealth has a most *real and tangible interest* in an estate when there are no known heirs." He holds further: "It would create a rare state of affairs in the administration of justice if the Commonwealth through its agent, the escheator, could not intervene when strangers to the blood have set up a will, and not have its validity determined." (Italics supplied.)

Accordingly, he dismissed the petition to quash.

The Commonwealth in the instant matter does not appear through an escheator, but appears in its sovereign capacity.

The situation presently presented is one in which the chief beneficiary, a stranger to the blood, was the scrivener.

The orphans' court being within its realm a court of equity, it seems to this court that if the rights of any party in interest including the sovereign State are alleged to have been invaded, there must be a remedy in the orphans' court.

This court is of the opinion that the question it must presently decide is whether or not under the pleadings and proofs in this case the Commonwealth is "a party in interest".

The language of the statute does not require that an appellant must have a vested or absolute interest.

The ultimate question of distribution is not now before the court.

Following the logic of the opinion of Judge Klein in Rhodes Estate, does an inept description of its status bar the Commonwealth? We think not.

While in the instant case no complete family tree has been established, the fair preponderance of the credible evidence clearly indicates that decedent left surviving her no issue, no parents, no brothers or sisters or their issue.

Decedent, being approximately 87 years of age, it is fair to assume that no grandparents survived and the only relatives concerning whom no proof was offered was as to decedent's uncles or aunts and their children.

There was proof of the exhaustive investigation made by the Commonwealth and there was further proof that the administrator c. t. a. had made an independent investigation, as appears from his testimony, and concluded that decedent left no heirs at law, and he in turn advised the Commonwealth of the situation.

This court is of opinion that if the interest of the Commonwealth under the credible evidence is thus contingent rather than absolute the Commonwealth is not barred, and that the right of the Commonwealth does not of necessity have to be that ineptly described in its petition for a citation.

All that is required is that it shall be "a party in interest" who is aggrieved by a decree of the register or a fiduciary whose estate or trust is so aggrieved.

If a fiduciary (a mere stakeholder) is declared to be

by the statute "a party in interest" and as such has a right to appeal, why then is not the Commonwealth in its capacity as sovereign for the protection of those who may be ultimately entitled to distribution, "a party in interest", and as such entitled to appeal so that in the event that the validity of a paper writing, challenged on appeal, should be determined adversely to the proponents, that the fund ultimately to be distributed would be protected for those lawfully entitled to receive it?

This court is of opinion that while the Commonwealth might have better pleaded its position, under section 2, rule 1, of the Supreme Court Orphans' Court rules, it (the court) at every stage of every action or proceedings may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest.

This court is further of opinion that the defect here on behalf of the Commonwealth is one of procedure and does not affect the substantial rights of any parties in interest, either of record or apparent or contingent.

We therefore hold that under the facts in this case the Commonwealth of Pennsylvania is a party in interest entitled to appeal . . .